# Irwin *v.* Harris, Appellant.

*Contract—Executed contract—Rescission—Fraud.*

Where a suit is based on fraud committed by defendant in appropriating
to himself money placed in his hands for an investment, and furnishing
plaintiff with fraudulent copies and assignments of mortgages to represent
the money, the defendant will not be heard to allege that on the discovery
of the fraud the plaintiff was bound either to ratify or rescind the transac-
tion within a reasonable time, and that his failure to do so is evidence of
affirmance or acquiescence. In such a case the transaction had lost its
contractual character and become a tort, and an action at any time within
the statutory period of limitation was the most effectual rescission.

Argued Feb. 11, 1901. Appeal, No. 36, Jan. T., 1901, by defendant, from judgment of C. P. Chester Co., April T., 1899, No. 35, on verdict for plaintiff in case of Benjamin Irwin v. William S. Harris. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for wrongful conversion of money. Before HEMPHILL, P. J.

At the trial the plaintiff produced evidence which tended to show that plaintiff had given to defendant $1,925 for an investment, and that the defendant had furnished plaintiff with fraudulent copies and assignments of mortgages to represent the money. Defendant claimed that all that plaintiff asked for was copies of certain mortgages and assignments from the record, and that he had furnished these. It appeared that the mortgages in question had belonged to the estate of A. Taylor Hoopes. After Hoopes's death, one Bradley produced a paper which purported to be a will, but was subsequently decided to be a forgery. Harris took an assignment of the mortgages from Bradley, and subsequently prepared an assignment from himself to plaintiff. These assignments he placed of record, and subsequently wrote to plaintiff " Everything is complete on the record." Plaintiff understood that the papers represented valid securities. Defendant admitted that he had appropriated nearly all of the money which he had received from plaintiff to his own use.

Defendant presented these points :

1. If the jury should find that there was actual or constructive fraud in the sale of these mortgages, it was the duty of Benjamin Irwin upon his becoming acquainted with such fraud, to ratify or rescind his contract with William S. Harris within a reasonable time, and lapse of time is evidence to show that he intended to ratify and affirm it, increasing in strength as the recission is delayed.

*Answer :* I am unable to affirm that point, and therefore refuse it. I am unable to see how an executed contract, in which the money has been appropriated and used, can be rescinded. [1]

2. If the jury should find that there was actual or constructive fraud in the sale of these mortgages by William S. Harris,

and that Benjamin Irwin, after acquiring knowledge of such fraud, did not rescind or disaffirm his contract with the said William S. Harris within a reasonable time thereafter, he will be presumed to have ratified it. *Answer :* I am unable to affirm that point, and it is ˙ therefore refused for the reasons already given. [2]

Verdict and judgment for plaintiff for $2,628.39. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*W. S. Harris*, for appellant.

*J. Frank E. Hause*, for appellee.

Opinion by Mr. Justice Mitchell, May 27, 1901:

Plaintiff's suit is based on fraud committed by defendant in appropriating to himself money placed in his hands for investment and furnishing plaintiff with fraudulent copies and assignments of mortgages to represent the money. Under a charge putting the burden of proof fully upon the plaintiff, the jury have found the fraud. The facts are scarcely disputed, but appellant complains of error in the refusal to affirm his point that on the discovery of the fraud the plaintiff was bound either to ratify or rescind the transaction within a reasonable time, and his failure to do so was evidence of affirmance or acquiescence. As was well said by the learned judge below, it is difficult to "see how an executed contract in which the money has been paid over, appropriated and used, can be rescinded by notice." The transaction had lost its contractual character and become a tort, and an action at any time within the statutory period of limitation was the most effectual rescission.

Judgment affirmed.